FILED

2020 Apr-17  AM 09:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| SABRINA HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  4:19-cv-01224-LCB |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 31, 2019, the Plaintiff Sabrina Hunt filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on November 12, 2019. (Doc. 6). The Plaintiff filed a brief in support of her position on February 3, 2020, (Doc. 11) and the Commissioner filed a brief in support of the decision on February 25, 2020 (Doc. 12). The Plaintiff also filed a reply brief on March 10, 2020 (Doc. 13) and submitted an amended brief on March 18, 2020[1]. (Doc. 16). Therefore, this issue is

---

[1] The arguments in the original brief are the same as in the amended brief. The amended brief is simply shorter than the original.

ripe for review. For the following reasons stated below, the final decision of the Commissioner is affirmed.

## I.    BACKGROUND

The Plaintiff protectively filed for a period of disability and disability insurance benefits on January 19, 2017. (R. 10). She alleged that her disability began on March 10, 2016. (*Id*). Her claim for benefits was denied on May 24, 2017, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) on June 14, 2017. (*Id*). The Plaintiff appeared before ALJ Perry Martin on April 3, 2019. (*Id*). She testified at the hearing and was questioned by her claim representative and the ALJ. (R. 37, 44). Additionally, vocational expert Otis Pearson testified at the hearing. (R. 55). The ALJ issued his opinion on April 23, 2019 (R. 27). When he issued his opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 11). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. (R. 12).

2. The Plaintiff has not engaged in substantial gainful activity since March 10, 2016, the alleged onset date of disability. (*Id*.).

3. The Plaintiff has the following severe impairments: fibromyalgia, degenerative disc disease, degenerative joint disease, carpal tunnel syndrome, chronic fatigue syndrome, Sjogren Syndrome, obesity, migraines, and depression. (*Id*.).

4.  The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 13).

5.  The Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined by the Regulations. She can occasionally push and pull with her upper and lower extremities. She can also occasionally balance and stoop. She can frequently reach, handle, finger, and feel. She can never climb ladders or scaffolds. She should avoid concentrated exposure to extreme heat and cold, vibrations, fumes, odors, chemicals, gases, dust, and poorly ventilated areas. She should have no exposure to dangerous machinery or unprotected heights. She can: understand and remember short and simple instructions; do simple, routine, repetitive tasks; deal with changes in the work place, if introduced occasionally, gradually, and are well explained; and use a hand-held assistive device when walking. She cannot: understand or remember detailed or complex instructions or do detailed complex tasks. (R. 16).

6.  The Plaintiff has no past relevant work. (R. 25).

7.  The Plaintiff was born on August 12, 1975, and was 40 years old, which is defined as a younger individual age 18-44, on the date the application was filed. (*Id*.).

8.  The Plaintiff has at least a high school education and can communicate in English. (*Id.*).

9.  A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. (*Id.*).

10. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy she can perform. (*Id.*).

11. The Plaintiff has not been under a disability as defined in the Social Security Act, from March 10, 2016, through the date of the ALJ's decision on April 23, 2019. (R. 27).

After the ALJ denied her claim, the Plaintiff requested an appeal to the Appeals Council and was denied on June 7, 2019. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on July 31, 2019. (Doc. 1).

## II.   DISCUSSION

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (citing *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support

its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 631 F.3d 1155, 1158 (11th Cir. 2004)). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id.*

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

### C. The Plaintiff's Contentions

The Plaintiff alleges the ALJ erred in two ways when finding she was not disabled. First, the Plaintiff argues the ALJ failed to give the appropriate weight to two of her treating physicians. (Doc. 16 at 2). She also argues that the ALJ erred when finding her daily activities made the allegations about her symptoms less persuasive. (*Id.*). The Court will address each of these contentions in turn.

### 1. The ALJ gave the proper weight to the opinions of the Plaintiff's treating physicians.

The Plaintiff argues that the ALJ failed to accord proper weight to the opinions of Dr. Imad Khadir and Dr. David McLain. (*Id.* at 21). She claims that because these physicians treated her, their opinions should have been given great weight unless "good cause" was shown. (*Id.* at 23). The Plaintiff contends that the ALJ did not have good cause to discount the physicians' opinions. (*Id.*). Dr. Khadir opined that the Plaintiff should be considered for disability because of her severe impairments and could engage in limited sedentary work. (R. 897, 902). The ALJ considered Dr. Khadir's opinion but gave it partial weight because the Plaintiff's medical record did "not support preclusion of climbing, balancing, stooping, kneeling, crouching, or crawling." (R. 23). In support of the Plaintiff's application for medical leave from her previous position, Dr. McLain noted that she would have difficulty "bending, kneeling, [] lifting greater than 5 lbs., [and] squatting." (R. 708). He also noted should could not use ladders. (*Id.*). The ALJ gave little weight to this opinion because it was filed in support of temporary disability and was not supported by his treatment notes or the entire record. (R. 24).

Typically, an ALJ will give more weight to the opinion of a claimant's treating physician. 20 CFR § 404.1527(c)(2). A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause [to discount the treating physician's opinion] exists when (1) the treating physician's opinion was

not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019). An ALJ also "must clearly articulate the reasons for giving less weight to the opinion of a treating physician." *Id*. However, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987). An ALJ is not required to accept as true an opinion from a medical source that a claimant is "disabled or unable to work" because the decision of these issues is reserved for the Commissioner. 20 CFR § 404.1527(d)(2).

The ALJ gave appropriate weight to Dr. Khadir's opinion. While Dr. Khadir's opinion supported many of the functional limitations the ALJ included in her RFC, the entire record does not exclude the Plaintiff's ability to balance, stoop, kneel, crouch, or crawl. Indeed, the Plaintiff's medical examinations provided she exhibited normal gait and normal range of motion. *See e.g*. (R. 473, 548, 659, 976). The Plaintiff's records from physical therapy also indicated that she was not putting forth effort to the goal of reducing her pain and was "exaggerating [her] symptoms." (R. 609, 613, 614). Further, her medical record provided that her muscles had normal tone and mass. (R. 1006, 1012, 1025, 1045). Finally, while the Plaintiff's imaging results indicated mild degenerative spinal changes, the rest of the results were largely normal. (R. 788-791). Accordingly, good cause exists for the ALJ to give partial

weight to Dr. Khadir's opinion about the Plaintiff's limitations and substantial evidence supports this decision. Therefore, the ALJ did not err concerning this claim.

Next, the ALJ gave appropriate weight to Dr. McLain's opinion.[2] As noted in the above examination of Dr. Khadir's opinion, the Plaintiff's medical record did not support Dr. McLain's opinion the Plaintiff would have difficulty with activities such as bending, kneeling, and crawling. Additionally, Dr. McLain's examinations of the Plaintiff provide that while she exhibited muscular pain after her onset date, there was no swelling, tenderness, or limitation of the range of motion in her hips, knees, feet, or ankles. (R. 693, 700). Accordingly, the ALJ had good cause to give Dr. McLain's opinion little weight and substantial evidence supports this decision. Therefore, the ALJ did not err regarding this claim.

### 2. The ALJ properly considered the Plaintiff's daily activities.

Finally, the Plaintiff argues that the ALJ improperly considered her daily activities when determining whether she was disabled. (Doc. 16 at 24). The Plaintiff claims that her activities of daily living should not have had bearing on the "persuasiveness of her allegations." (Doc. 16 at 24). When considering the Plaintiff's subjective pain symptoms, the ALJ acknowledged that her daily activities such as the ability to manage her personal care and finances, drive or ride in a car, and follow

---

[2] The Commissioner argues that Dr. McLain should not be considered a treating physician because he only examined the Plaintiff twice. (Doc.12 at 14). However, the Plaintiff's medical record reflects that he examined her at least seven times.

written instructions were consistent with her ability to engage in sedentary work. (R. 21).

When an ALJ is examining the intensity and persistence of a claimant's symptoms, the ALJ can consider factors such as: "the claimant's daily activities; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; [and] any measures other than treatment an individual uses or has used to relieve pain or other symptoms." SSR 16-3p, 2016 WL 1119029 at *7. However, a claimant's "participation in everyday activities of short duration, such as housework or fishing, [does not disqualify] a claimant from disability." *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). Ultimately, "[t]here must be objective medical evidence from an acceptable medical source" that supports a claimant's statements about her disabling pain. 20 CFR § 404.1529(a). *See also Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Substantial evidence supports the ALJ's treatment of the Plaintiff's daily activities. The regulations provide that an ALJ can consider a claimant's daily activities when considering her subjective pain symptoms. *See* SSR 16-3p. Additionally, while the ALJ discussed the Plaintiff's daily activities, he also noted that the objective medical evidence did not support her allegations that her symptoms prevented her from working. (R. 20). The Plaintiff's medical record does provide that she experienced muscular pain because of her physical impairments. However,

10

her examinations generally indicated she showed normal range of motion, normal gait, and normal muscle tone and mass. *See* (R. 473, 548, 667, 732, 824, 1006). Further, the Plaintiff's imaging results showed largely normal findings except for mild degenerative disc disease. (R. 788-791). Additionally, while the Plaintiff complained of memory loss and depression, her medical record provided that her psychiatric exams were typically ordinary, and her memory was intact. (R. 781, 986, 1002, 1020, 1026). These objective medical findings support the ALJ's consideration of the Plaintiff's daily activities. Therefore, the ALJ did not err regarding this claim.

### III.   CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this April 17, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

11